07 CV 4720

JUDGE HOLWELL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x
BARRY PINCUS, Individually and On Behalf : Civil Action No.
of All Others Similarly Situated,                       :
                                                        : CLASS ACTION COMPLAINT
                        Plaintiff,                      : FOR VIOLATIONS OF
                                                        : FEDERAL SECURITIES LAWS
        vs.                                             :
                                                        :
SOURCEFIRE, INC., E. WAYNE JACKSON, :
III, TODD P. HEADLEY, MORGAN                            :
STANLEY & CO. INCORPORATED and                          :
LEHMAN BROTHERS INC.,                                   :
                                                        :
                        Defendants.                     :
                                                        :
--------------------------------------------------------x

JUN 04 2007

## PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff makes the following allegations, except as to allegations specifically pertaining to plaintiff and plaintiff's counsel, based upon the investigation undertaken by plaintiff's counsel (which investigation included analysis of publicly available news articles and reports, public filings, securities analysts' reports and advisories about Sourcefire, Inc. ("Sourcefire" or the "Company"), press releases and other public statements issued by the Company, and media reports about the Company) and believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

### NATURE OF THE ACTION

1. This is a federal securities class action on behalf of a class consisting of all persons other than defendants who purchased the common stock of Sourcefire pursuant and/or traceable to the Company's initial public offering on or about March 9, 2007 through April 9, 2007, seeking to pursue remedies under the Securities Act of 1933 (the "Securities Act"). This action concerns the initial public offering of Sourcefire common stock which took place on or about March 9, 2007 (the "IPO" or the "Offering").

### JURISDICTION AND VENUE

2. The claims asserted herein arise under and pursuant to Sections 11, 12(a)(2) and 15 of the Securities Act [15 U.S.C. §§77k, 77l(a)(2) and 77o].

3. This Court has jurisdiction of this action pursuant to Section 22 of the Securities Act [15 U.S.C. §77v] and 28 U.S.C. §1331.

4. Venue is properly laid in this District pursuant to Section 22 of the Securities Act and 28 U.S.C. §1391(b) and (c). The acts and conduct complained of herein occurred in substantial part in this District and the Underwriter Defendants, as defined below, marketed the IPO in this District.

5. In connection with the acts and conduct alleged in this Complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including the mails and telephonic communications and the facilities of the Nasdaq National Market (the "NASDAQ"), a national securities exchange.

## PARTIES

6. Plaintiff Barry Pincus purchased Sourcefire common stock, as set forth in the certification attached hereto and incorporated herein by reference, pursuant and/or traceable to the Company's IPO, and was damaged thereby.

7. Defendant Sourcefire provides real-time network defense solutions for information technology (IT) infrastructures of commercial enterprise, healthcare, manufacturing, technology, educational, and federal and state organizations.

8. (a) Defendant E. Wayne Jackson, III ("Jackson") served as CEO and a Director of Sourcefire. Jackson signed the Registration Statement.

(b) Defendant Todd P. Headley ("Headley") served as Chief Financial Officer and Treasurer of Sourcefire. Headley signed the Registration Statement.

(c) Defendants Jackson and Headley are collectively referred to herein as the "Individual Defendants."

9. By reason of their management positions and their ability to make public statements in the name of Sourcefire, the Individual Defendants were and are controlling persons, and had the power and influence to cause (and did cause) Sourcefire to engage in the conduct complained of herein.

10. Defendants Morgan Stanley & Co. Incorporated ("Morgan Stanley") and Lehman Brothers Inc. ("Lehman Brothers") served as the lead underwriters for the IPO. Morgan Stanley and

Lehman Brothers are sometimes referred to herein as the "Underwriter Defendants." The Underwriter Defendants maintain their principal executive offices in this District.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of himself and all persons other than defendants who purchased the common stock of Sourcefire pursuant and/or traceable to the Company's IPO on or about March 9, 2007 through April 9, 2007. Excluded from the Class are defendants herein, members of the immediate family of each of the defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which any defendant has a controlling interest or which is related to or affiliated with any of the defendants, and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.

12. The members of the Class are so numerous that joinder of all members is impracticable. Sourcefire sold more than 5.7 million shares of common stock in the IPO. The precise number of Class members is unknown to plaintiff at this time but is believed to be in the thousands. In addition, the names and addresses of the Class members can be ascertained from the books and records of Sourcefire or its transfer agent or the underwriters to the IPO. Notice can be provided to such record owners by a combination of published notice and first-class mail, using techniques and a form of notice similar to those customarily used in class actions arising under the federal securities laws.

13. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained competent counsel experienced in class action litigation under the federal securities laws to further ensure such protection and intends to prosecute this action vigorously.

14. Plaintiff's claims are typical of the claims of the other members of the Class because plaintiff's and all the class members' damages arise from and were caused by the same false and misleading representations and omissions made by or chargeable to defendants. Plaintiff does not have any interests antagonistic to, or in conflict with, the Class.

15. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the class members to seek redress for the wrongful conduct alleged. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

16. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

(a) Whether the federal securities laws were violated by defendants' acts as alleged herein;

(b) Whether the prospectus and registration statement issued by defendants to the investing public in connection with the IPO negligently omitted and/or misrepresented material facts about Sourcefire and its business; and

(c) The extent of injuries sustained by members of the Class and the appropriate measure of damages.

## SUBSTANTIVE ALLEGATIONS

17. Defendant Sourcefire provides real-time network defense solutions for information technology (IT) infrastructures of commercial enterprise, healthcare, manufacturing, technology, educational, and federal and state organizations.

18. On or about March 6, 2007, Sourcefire filed with the SEC a Form S-1/A Registration Statement (the "Registration Statement"), for the IPO.

19. On or about March 9, 2007, the Prospectus (the "Prospectus") with respect to the IPO, which forms part of the Registration Statement, became effective and, at least, 7.7 million shares of Sourcefire's common stock were sold to the public, thereby raising more than $86 million.

20. The Prospectus contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading and was not prepared in accordance with the rules and regulations governing its preparation.

21. At the time of the IPO, Sourcefire was then experiencing a dramatic sales slowdown from its federal government clients which was caused by a slowdown in government spending. The Registration Statement failed to disclose this negative trend.

22. The Registration Statement positively described the Company and its business stating in pertinent part as follows:

> We are a leading provider of intelligence driven, open source network security solutions that enable our customers to protect their computer networks in an effective, efficient and highly automated manner. We sell our security solutions to a diverse customer base that includes more than 25 of the Fortune 100 companies and over half of the 30 largest U.S. government agencies. We also manage one of the security industry's leading open source initiatives, Snort.

23. The Registration Statement also described the Company's revenue stream stating in pertinent part as follows:

> Revenue from our government customers has occasionally been influenced by the September 30th fiscal year-end of the U.S. federal government, which has historically resulted in our revenue from government customers being highest in the third quarter. Although we do not expect these general seasonal patterns to change substantially in the future, our revenue within a particular quarter is often affected significantly by the unpredictable procurement patterns of our customers. Our prospective customers usually spend a long time evaluating and making purchase decisions for network security solutions. Historically, many of our customers have not finalized their purchasing decisions until the final weeks or days of a quarter. We expect these purchasing patterns to continue in the future. Therefore, a delay in even

one large order beyond the end of the quarter could materially reduce our anticipated revenue for a quarter. Because many of our expenses must be incurred before we expect to generate revenue, delayed orders could negatively impact our results of operations for the period and cause us to fail to meet the financial performance expectations of securities industry research analysts or investors.

24. The Registration Statement purported to warn that the Company could be negatively affected by a delay in payment from federal government clients or a slowdown in federal spending. These purported warnings were not meaningful as at the time of the IPO, the Company was then experiencing a slowdown in the federal government market segment.

25. Under applicable SEC rules and regulations governing the preparation of the Registration Statement and Prospectus, the Prospectus was required to disclose that the Company was experiencing a slowdown in sales to federal government clients. The Prospectus failed to contain any such disclosure.

26. On April 9, 2007, Sourcefire issued a press release regarding its preliminary financial results for the first quarter of 2007, the period ending March 31, 2007. The Company reported that its first quarter financial results were down. Defendant Jackson commented on the announcement stating in pertinent part as follows:

> Historically, the first calendar quarter has been the slowest quarter of the year for us due to seasonal factors. This year, we saw an exaggeration of that trend due to a smaller than expected initial order from a substantial and strategic new account and an unusual number of transactions delayed or deferred very late in the quarter. This was particularly dramatic in the Federal sector where we saw a number of delays in the processing of awarded procurement transactions.

27. In response to this announcement, the price of Sourcefire common stock dropped from $16.50 per share to $12.28 per share on extremely heavy trading volume.

## COUNT I

### Violations of Section 11 of the Securities Act
### Against All Defendants

28. Plaintiff repeats and realleges each and every allegation contained above.

29.     This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against all defendants.

30.     The Registration Statement for the IPO was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

31.     Sourcefire is the registrant for the IPO. The defendants named herein were responsible for the contents and dissemination of the Registration Statement and the Prospectus.

32.     As issuer of the shares, Sourcefire is strictly liable to plaintiff and the Class for the misstatements and omissions.

33.     None of the defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement and the Prospectus were true and without omissions of any material facts and were not misleading.

34.     By reasons of the conduct herein alleged, each defendant violated, and/or controlled a person who violated, Section 11 of the Securities Act.

35.     Plaintiff acquired Sourcefire shares pursuant and/or traceable to the Registration Statement.

36.     Plaintiff and the Class have sustained damages. The value of Sourcefire common stock has declined substantially subsequent to and due to defendants' violations.

37.     At the times it purchased Sourcefire shares, plaintiff and other members of the Class were without knowledge of the facts concerning the wrongful conduct alleged herein and could not have reasonably discovered those facts prior to April 9, 2007. Less than one year has elapsed from the time that plaintiff discovered or reasonably could have discovered the facts upon which this complaint is based to the time that plaintiff filed this Complaint. Less than three years elapsed

between the time that the securities upon which this Count is brought were offered to the public and the time plaintiff filed this Complaint.

## COUNT II

### Violations of Section 12(a)(2) of the Securities Act
### Against All Defendants

38. Plaintiff repeats and realleges each and every allegation contained above.

39. This Count is brought pursuant to Section 12(a)(2) of the Securities Act on behalf of the Class, against all defendants.

40. Defendants were sellers and offerors and/or solicitors of purchasers of the shares offered pursuant to the Prospectus.

41. The Prospectus contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein. The Individual Defendants' actions of solicitation included participating in the preparation of the false and misleading Prospectus and participating in road shows to market the IPO to investors.

42. Defendants owed to the purchasers of Sourcefire common stock, including plaintiff and other class members, the duty to make a reasonable and diligent investigation of the statements contained in the IPO materials, including the Prospectus contained therein, to ensure that such statements were true and that there was no omission to state a material fact required to be stated in order to make the statements contained therein not misleading. Defendants in the exercise of reasonable care should have known of the misstatements and omissions contained in the IPO materials as set forth above.

43. Plaintiff and other members of the Class purchased or otherwise acquired Sourcefire common stock pursuant to and/or traceable to the defective Prospectus. Plaintiff did not know, or in

the exercise of reasonable diligence could not have known, of the untruths and omissions contained in the Prospectus.

44.     Plaintiff, individually and representatively, hereby offers to tender to defendants those securities which plaintiff and other Class members continue to own, on behalf of all members of the Class who continue to own such securities, in return for the consideration paid for those securities together with interest thereon. Class members who have sold their Sourcefire common stock are entitled to rescissory damages.

45.     By reason of the conduct alleged herein, these defendants violated, and/or controlled a person who violated, Section 12(a)(2) of the Securities Act. Accordingly, plaintiff and members of the Class who hold Sourcefire common stock purchased in the IPO have the right to rescind and recover the consideration paid for their Sourcefire common stock and hereby elect to rescind and tender their Sourcefire common stock to the defendants sued herein. Plaintiff and Class members who have sold their Sourcefire common stock are entitled to rescissory damages.

## COUNT III

### Violations of Section 15 of the Securities Act
### Against the Individual Defendants

46.     Plaintiff repeats and realleges each and every allegation contained above.

47.     This Count is brought pursuant to Section 15 of the Securities Act against the Individual Defendants.

48.     Each of the Individual Defendants was a control person of Sourcefire by virtue of his position as a director and/or senior officer of Sourcefire. The Individual Defendants each had a series of direct and/or indirect business and/or personal relationships with other directors and/or officers and/or major shareholders of Sourcefire.

49. Each of the Individual Defendants was a culpable participant in the violations of Sections 11 and 12(a)(2) of the Securities Act alleged in Counts I and II above, based on their having signed the Registration Statement and having otherwise participated in the process which allowed the IPO to be successfully completed.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of himself and the Class, prays for judgment as follows:

A. declaring this action to be a plaintiff class action properly maintained pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

B. awarding plaintiff and other members of the Class damages together with interest thereon;

C. with respect to Count II, ordering that the IPO be rescinded;

D. awarding plaintiff and other members of the Class their costs and expenses of this litigation, including reasonable attorneys' fees, accountants' fees and experts' fees and other costs and disbursements; and

E. awarding plaintiff and other members of the Class such other and further relief as may be just and proper under the circumstances.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury

| | |
|---|---|
| DATED: June 4, 2007 | LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP<br>SAMUEL H. RUDMAN (SR-7957)<br>DAVID A. ROSENFELD (DR-7564)<br><br>*/s/ David A. Rosenfeld*<br>———————————————<br>DAVID A. ROSENFELD<br><br>58 South Service Road, Suite 200<br>Melville, NY  11747<br>Telephone: 631/367-7100<br>631/367-1173 (fax)<br><br>Attorneys for Plaintiff |

I:\Sourcefire\Pleadings\CPT.doc

- 11 -

# CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

BARRY PINCUS ("Plaintiff") declares:

1. Plaintiff has reviewed a complaint and authorized its filing.

2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff has made the following transaction(s) during the Class Period in the securities that are the subject of this action:

Acquisitions:

| Date Acquired | Number of Shares Acquired | Acquisition Price Per Share |
|---|---|---|
| 03-09-07 | 1000. | 15.84 |
| 05-15-07 | 1000. | 13.106 |
| | | |

Sales:

| Date Sold | Number of Shares Sold | Selling Price Per Share |
|---|---|---|
| 05-15-07 | 2000. | 13.10 |
| | | |
| | | |

5. Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except as detailed below during the three years prior to the date of this Certification:

6. The Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery,

- 2 -

except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18TH day of MAY, 2007.

_____
BARRY PINCUS